1

2

JAMES DAL BON, Bar No. 157942
LAW OFFICE OF JAMES DAL BON
606 N. 1ST St.
SAN JOSE, CA 95112
(408) 466-5845

3

4

5

ATTORNEYS FOR PLAINTIFFS

6

7

UNITED STATES DISTRICT COURT

8

NORTHERN CALIFORNIA

9

Case No.

10

11

EDUARDO LEMUS AND PUTATIVE
PLAINITFFS

CLASS ACTION COMPLAINT

12

13

Plaintiffs,

**CLAIMS FOR DAMAGES FOR
INDIVIDUAL PLAINTIFFS AND CLASS
ACTION PLAINTIFFS**

14

vs.

15

16

Defendants.

1)Failure to Pay all Wages Under Federal Fair
Labor Standards Act
2)Failure to Pay Timely Wages under
California State Law
3)Failure to Pay all Wages at the End of
Employment
4)Failure to Provide Accurate California
Itemized Employee Wage Statements
5)Failure to Provide Breaks
6)Violation of California Unfair Competition
Law

17

18

THANH BBQ & NOODLE, INC.
INDIVIDUALLY AND DBA COM TAM
THANH VIETNAMESE NOODLE HOUSE;
COM TAM THANH, INC. INDIVIDUALLY
AND DBA COM TAM THANH
VIETNAMESE NOODLE HOUSE, LIEN
NGUYEN INDIVIDUALLY AND DBA
THANH BBQ & NOODLE, INC. AND DBA
COM TAM THANH, INC., AND DBA COM
TAM THANH VIETNAMESE NOODLE
HOUSE, THUAN HO INDIVIDUALLY AND
DBA THANH BBQ & NOODLE, INC. AND
DBA COM TAM THANH, INC. AND DBA
COM TAM THANH VIETNAMESE
NOODLE HOUSE, PHUONG DAM
INDIVIDUALLY AND DBA THANH BBQ &
NOODLE, INC. AND DBA COM TAM
THANH, INC. AND DBA COM TAM

19

20

21

22

23

24

25

26

27

28

**DEMAND FOR JURY TRIAL**

THANH VIETNAMESE NOODLE HOUSE

### NATURE OF CLAIM

This is a class action on behalf of restaurant workers employed by Defendants for wage and hour violations of federal and state law.  Defendants failed to pay their nonexempt restaurant employees at the correct overtime rate when they worked more than eight hours in one day or forty hours in one week.  Plaintiffs file an opt in class action under the Fair Employment and Standards Act for wages under federal law.  The Plaintiffs also file a Rule 23 class action for wages and penalties owed under California state law.   Finally, the Plaintiffs seek restitution of wages for the past four years due to Defendants' unfair business practices in failing to pay wages to their employees in adherence to state and federal law.

### PARTIES

1.      At all times relevant herein, Plaintiff Eduardo Lemus is a resident of Santa Clara County in California.

2.      At all times mentioned Defendant Thanh BBQ & Noodle, Inc is a domestic corporation doing business and headquartered in the County of Santa Clara, under the name Com Tam Thanh Vietnamese Noodle House.

3.      At all times mentioned Defendant Com Tam Thanh, Inc. is a domestic corporation doing business and headquartered in the County of Santa Clara, under the name Com Tam Thanh Vietnamese Noodle House.

2

1   4.      At all times mentioned Defendant Lien Nguyen is a resident of the County of Santa

2   Clara the State of California doing business as Thanh BBQ & Noodle, Inc., and Com Tam

3   Thanh, Inc., and Com Tam Thanh Vietnamese Noodle House.

4   5.      At all times mentioned Defendant Thuan Ho is a resident of the County of Santa Clara

5   the State of California doing business as Thanh BBQ & Noodle, Inc., and Com Tam Thanh,

6   Inc., and Com Tam Thanh Vietnamese Noodle House.

7   6.      At all times mentioned Defendant Phuong Dam is a resident of the County of Santa

8   Clara the State of California doing business as Thanh BBQ & Noodle, Inc., and Com Tam

9   Thanh, Inc., and Com Tam Thanh Vietnamese Noodle House.

10  7.      Defendants Lien Nguyen, Thuan Ho, Phuong Dam, Thanh BBQ & Noodle, Inc and

11  Com Tam Thanh, Inc. shall collectively be known as "Defendants"

12  8.      At all times mentioned "Putative Plaintiffs" are the Plaintiff Lemus' co-workers

13  employed by Defendants as non-exempt restaurant workers during the last four year from he

14  filed this complaint.

15  9.      Plaintiff Eduardo Lemus and Putative Plaintiffs shall be collectively known as

16  "Plaintiffs".

17                  STATEMENT OF FACTS APPLICABLE TO ALL PLAINTIFFS

18  10.     At all times relevant herein, Defendants employed the Plaintiffs in the restaurant

19  industry as non-exempt laborers.

20  11.     Plaintiffs' job duties included bussing tables, prepping food to be served at the

21  restaurant that day, cleaning the restaurant, washing dishes and cooking.

22  12.     In preforming the aforementioned job duties, the Plaintiffs regularly worked more

23  than eight hours in one day.

24  13.     In performing the aforementioned job duties, the Plaintiffs regularly worked more

25  than forty hours in one week.

26  14.     Defendants paid the Plaintiffs per hour to perform the aforementioned job duties.

27  15.     Defendants paid the Plaintiffs by check and cash each pay period.

28

3

16.     Defendants took standard deductions from the Plaintiffs' checks and wrote them on the Plaintiffs' pay stubs.

17.     Defendants did not take deductions from the cash payments and did not issue paystubs for the cash payments.

18.     Defendants paid Plaintiffs at their regular rate of pay for all hours worked.

19.     Defendants did not pay the Plaintiffs at the rate of one and a half times their regular rate of pay for every hour they worked more than eight in one day.

20.     Defendants did not pay the Plaintiffs at the rate of one and half times their regular rate of pay when they worked more than forty hours in one week.

21.     The Defendants intentionally failed to provide the Plaintiffs with a thirty-minute uninterrupted meal period when they worked six hours or more in one day.

22.     Defendants Lien Nguyen, Thuan Ho, and Phuong Dam controlled the working conditions of the Plaintiffs, scheduled their work hours, set their rate of pay hired and fired the Plaintiffs and determined their job duties.

                              CLASS ALLEGATIONS

23.     A collective action under 29 U.S.C. § 216(b) for the violations of federal wage law is appropriate because (1) a similar set of facts apply to all Plaintiffs, (2) the Plaintiffs worked in the same or similar employment setting (2) the Defendants can assert defenses collectively against all Plaintiffs, and (4) a collective action is fair to both parties and serves the interests of judicial economy.

24.     A Class Action under Federal Rule of Civil Procedure § 23 for the California causes of action is superior to an individual action because a well-defined community of interest exists in the litigation in that (1) common questions of law and fact predominate the action (2) the class representative has claims or defenses typical of the class; (3) the class representative can adequately represent the class; (4) and the proposed class is easily ascertainable.  Plaintiffs seeks to represent the following class:

25.     All non-exempt hourly employees who are employed or have been employed by Defendants in California within four (4) years of the filing of this Complaint engaged in

1    intrastate commerce for the Defendants as restaurant through the date of final disposition of

2    this action and who suffered the following:

3              a.       Were not paid overtime wages;

4              b.       Were not paid for all hours worked;

5              c.       Were not provided meal periods or if they were provided late meal

6              periods;

7    26.     Plaintiffs seeks to represent the following sub-class:

8    27.     All non-exempt hourly employees whose employment ended in California within for

9    (3) years of the filing of this Complaint engaged in intrastate commerce for the Defendants as

10   nonexempt restaurant workers through the date of final disposition of this action and who

11   were not fully paid their wages within seventy-two hours of the end of their employment;

12   28.      On information and belief, the legal and factual issues are common to the class and

13   affected all putative members of the class.  Plaintiffs reserve the right to amend or modify the

14   class description with greater specificity or further division into subclasses or limitation to

15   issues.

16

17           A.       Numerosity

18   29.     The potential members of the Class as defined are so numerous that joinder of all the

19   members of the class is impracticable.  While the precise number of class members has not

20   been determined at this time, Plaintiffs are informed and believe that Defendants during the

21   relevant time periods likely employed over 50 workers in California who are, or have been,

22   affected by Defendants' unlawful practices as alleged herein.

23   30.     Joinder of all members of the proposed Class is not practical.

24   B.     Commonality

25   31.     There are questions of law and fact common to the class predominating over any

26   questions affecting only individual class members.  These common questions of law and fact

27   include, without limitation:

28

a. Whether Defendants violated the California Labor Code and Wage Orders as a result of the allegations described in this complaint;

b. Whether Defendants violated the California Labor Code and Wage Orders by compensating Plaintiffs and other putative class members at rates below the required overtime rate;

c. Whether Defendants violated the California Labor Code and Wage Orders by failing to permit and authorize meal periods for Plaintiffs and putative class members and failing to compensate said employees for failure to do so, in violation of California law;

d. Whether Defendants violated the California Labor Code and Wage Orders by failing to, among other things, maintain accurate records of Plaintiffs and other putative class members' earned wages and itemize all wages earned, and accurately maintain other records;

e. Whether Defendants violated the California Labor Code and Wage Orders by failing to pay all earned wages due and/or premium wages due and owing at the time that the employment of any putative class members, including Plaintiffs ended;

f. Whether Defendants violated §§ 17200 et seq. of the Business and Professions Code by the violation of California Law;

g. Whether Plaintiffs and other putative class members are entitled to damages, restitution, wages, statutory penalties, premium wages, declaratory, injunctive and declaratory relief, attorneys' fees, interest, and costs, and other relief pursuant to California Labor Code and Wage Orders, Business and Professions Code section 17200 et seq.

32. There are no individualized factual or legal issues for the court to resolve that would prevent this case from proceeding as a class action.

C. Typicality

6

1    33.    The claims of the named Plaintiffs are typical of the claims of the class.  Plaintiffs and

2    all members of the class sustained injuries and damages arising out of and caused by

3    Defendants' common course of conduct in violation of California laws, regulations, and

4    statutes as alleged herein.

5    D.    Adequacy of Representation

6    34.    Plaintiffs will fairly and adequately represent and protect the interests of the members

7    of the class.  Plaintiffs have no interests which are averse to the class.  Counsel who represent

8    Plaintiffs are competent and experienced in litigating large employment class actions.

9    E.    Superiority of Class Action

10   35.    A class action is superior to other available means for the fair and efficient

11   adjudication of this controversy.  Individual joinder of all class members is not practicable,

12   and questions of law and fact common to the class predominate over any questions affecting

13   only individual members of the Class.  Each member of the class has been damaged and is

14   entitled to recovery by reason of Defendants' unlawful policy and/or practices described

15   herein.

16   36.    Class action treatment will allow those similarly situated persons to litigate their

17   claims in the manner that is most efficient and economical for the parties and the judicial

18   system. Plaintiffs are unaware of any difficulties that are likely to be encountered in the

19   management of this action that would preclude its maintenance as a class action.

20   37.    For the same reasons the Class Action should be certified the Plaintiffs should be

21   allowed to proceed under against Defendants in a collective action under Cal. Bus. & Prof.

22   Code § 17200.

23

24

25

26

27

28                                COUNT ONE

FEDERAL CLAIM

Violation of the Fair Labor Standards Act

29 U.S.C. §§ 207, 216(b), and 255(a)

Failure to Pay Overtime Wages and Minimum Wages

38.     Plaintiffs re-allege and incorporate the allegations of paragraphs 1-37 as if fully stated herein.

39.      At all relevant times herein, Defendants employment was subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, et seq.

40.     The Defendants operate a business enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203 (r) & (s) and related Department of Labor regulations.

41.     Defendants routinely required or permitted Plaintiffs and their similar class members to work more than 40 hours per week without paying all their wages for overtime work.  In Plaintiffs' cases, this occurred because the correct number of hours was sometimes not listed on their wage stubs.

42.     Defendants willfully violated the FLSA, in failing to pay Plaintiffs overtime wages at one-and-one-half times his regular rate of pay,

43.      As a direct and proximate result of Defendants' failure to pay the Plaintiff's proper wages under the FLSA, Plaintiffs incurred general damages in the form of lost overtime wages in an amount to be proved at trial.

44.     Defendants intentionally, with reckless disregard for their responsibilities under the FLSA, and without good cause, failed to pay Plaintiffs and other similar class members all their wages, and are thus liable to Plaintiffs for liquidated damages in an amount equal to their lost wages over a three-year statute of limitations, pursuant to 29 U.S.C. §§ 216(b) & 255(a) of the FLSA.

45.     Plaintiffs were required to retain legal assistance in order to bring this action and, as such, are entitled to an award of reasonable attorney's fees pursuant to the FLSA.

COUNT TWO

PENDENT STATE CLAIM

Violation of California Labor Code §§ 510, 1194, 1197, 1771 and 1774

Failure to Properly Pay Overtime Wages

46.    Plaintiffs re-allege and incorporate the allegations of paragraphs 1-37 as if fully stated herein.

47.    At all times mentioned herein, California Labor Code §510 governed the Defendants employment of Plaintiffs.

48.    Pursuant to Labor Code §510, Defendants had a duty to pay its employees, including Plaintiffs, no less than one and one-half times their regular rate of pay for all hours worked in excess of 8 hours a day or 40 hours a week.

49.    Pursuant to Labor Code § 1194, Plaintiffs and all similarly situated workers seek all unpaid overtime wages and unpaid regular wages.

50.    Plaintiffs request an award of pre-judgment interest on the unpaid wages set forth herein.

51.    As a result of Defendants violations of statutory duties, as more fully set forth above, Plaintiffs earned but were not paid wages in an amount above the jurisdictional limits of this court.

52.    Plaintiffs seek all unpaid wages the difference between the amount actually paid and the amount in overtime wages or regular wages owed.  Plaintiffs continue to conduct audits and investigations, however, based upon our initial calculations, the amounts claimed are above the jurisdictional minimum requirements of this court.  Plaintiff will seek leave of court to amend this Complaint according to proof at the time of trial.

53.     Plaintiffs have incurred, and will continue to incur, attorneys' fees in the prosecution of this action and therefore demands such reasonable attorney's fees and costs as set by the court pursuant to California Labor Code § 1194.

COUNT THREE

1       Violation of California Labor Code Sections 201, 202 & 203

2       Failure to Pay Wages Due and "Waiting Time" Penalties

3   54.      Plaintiffs  re-allege and incorporate the allegations of paragraphs 1-37 as though fully

4   set forth herein.

5   55.      At the time, Plaintiffs' employment ended with Defendants, Plaintiffs were

6   terminated and Defendants owed Plaintiffs certain unpaid overtime wages as previously

7   alleged, and such wages owed to Plaintiffs were ascertainable at the time of termination.

8   56.      Failure to pay wages owed at the time an employee are terminated as required by

9   Labor Code §201 or 202 subjects the employer the payment of a penalty equaling up to 30

10  days' wages, as provided for in Labor Code § 203.

11  57.      As of this date, Defendants have failed and refused, and continue to fail and refuse, to

12  pay the amount due, thus making Defendants liable to Plaintiffs for penalties equal to thirty

13  (30) days wages, in an amount to be determined at trial.

14  58.      Pursuant to Labor Code Section 1194, Plaintiffs requests that the court award Plaintiffs

15  reasonable attorney's fees and costs incurred in this action.

16  59.      Pursuant to Labor Code Section 218.6, Plaintiffs requests that the court award interest

17  on all due and unpaid wages, at the legal rate specified by Civil Code Section 3289(b),

18  accruing from the date the wages were due and payable.

19                                  COUNT FOUR

20                      Violation of California Labor Code § 226

21                      Failure to Provide Accurate Wage Stubs

22  60.      Plaintiffs re-allege and incorporate the allegations of paragraphs 1-37 as if fully stated

23  herein.

24  61.      At all times relevant hereto, Defendants were subject to the provisions of California

25  Labor Code §§ 226, which requires an employer to provide each employee with written

26  periodic wage payment setting forth, among other things, the dates of labor for which

27  payment of wages are made, the total hours of work for the pay period, the gross and net

28  wages paid, all deductions from those wages, and the name and address of the employer.

10

62.     Defendants knowingly and intentionally failed to provide Plaintiffs with accurate, itemized wage statements in compliance with Labor Code §226.  Such failures of Defendants to provide Plaintiffs with any wage statement that should show, among other things, the rate of pay, the hours worked, the rate for overtime hours worked and amount of overtime pay, in each pay period and/or a report of gross wages earned.

63.     As a direct result, Defendants did not separate Plaintiff's regular hours from their overtime hours because Defendants did not want to pay Plaintiffs overtime pay. The Plaintiffs are entitled to recover an amount to be proved at trial for actual damages, including that measured by the unpaid wages, of not less than $50.00 for an initial violation and $100.00 for a subsequent for each violation up to $4,000.00.

64.     Plaintiffs has incurred, and will continue to incur attorney fees in the prosecution of this action.

COUNT FIVE

Failure to Provide Meal Periods or Compensation in Lieu Thereof

(Labor Code §§ 203, 226, 226.7, 512, 1194)

65.     Plaintiffs re-allege and incorporate the allegations of paragraphs 1-37 of the preceding paragraphs as though fully set forth herein.

66.     Defendants failed to comply with the requirement under California law regarding meal periods. Plaintiffs were not afforded meal periods as required by California law, since meal periods were not scheduled, Plaintiffs were routinely required to work without thirty minute, uninterrupted meal periods, and Plaintiffs and co-workers were not compensated for missed meal periods.

67.      California Labor Code §226.7 states:

68.     (a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

69.     (b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer

1  shall pay the employee one additional hour of pay at the employee's regular rate of

2  compensation for each work day that the meal or rest period is not provided.

3  70.    Plaintiffs did not voluntarily or willfully waive meal periods. Any express or implied

4  waivers obtained from Plaintiffs were not willfully obtained or voluntarily agreed to, but

5  rather were a condition of employment or part of an unlawful contract of adhesion.

6  71.    Plaintiffs were scheduled and required to work for periods of six or more hours

7  without an off-duty meal period of at least 30 minutes, and Defendants violated California

8  law by failing to comply with the meal period requirements mandated by Labor Code §226.7

9  and the applicable Wage Orders. As such, Defendants are liable for one hour of pay at the

10 employee's regular rate of compensation for each workday that meal periods were not

11 provided.

12                                          COUNT SIX

13                Violation of California Business & Professions Code §17200

14                      Restitution for Unfair Business Practices

15 72.    Plaintiffs incorporate re-allege and incorporate the allegations of paragraphs 1-37 as

16 though fully set forth herein.

17 73.    At all times relevant herein, Plaintiffs' employment with Defendants was subject to

18 the California Labor Code and applicable Wage Orders promulgated by the California

19 Industrial Welfare Commission, which required all employees to be paid certain wages,

20 overtime for work performed in excess of 40 hours per week or 8 hours per day unless

21 specifically exempted by the law.

22 74.    At all times relevant herein, the employers of Plaintiff, Defendants, were subject to the

23 California Unfair Trade Practices Act (California Business and Professions Code § §17000 et

24 seq.), but failed to pay the Plaintiff, including similarly situated workers who are members of

25 the public, certain overtime pay as required by applicable state and federal laws, to all of

26 which Plaintiff, were legally entitled, with Defendants keeping the amount which should

27 have been paid to Plaintiff.

28

75.     In doing so, Defendants violated California Unfair Trade Practices Act, Business and Professions Code §17200, et seq. by committing acts prohibited by applicable California Labor Code provisions, IWC Wage Orders, and thus giving them a competitive advantage over other employers and businesses with whom Defendants were in competition and who were in compliance with the law.

76.     As a direct and proximate result of Defendants' violations and failure to pay the required wages and overtime pay, the Plaintiff's rights under the law were violated and the Plaintiffs, incurred losses in the form of unpaid wages in amounts to be proved at trial.

77.     Defendants had been aware of the existence and requirements of the Unfair Trade Practices Act and the requirements of state and federal wage and hour laws, but willfully, knowingly, and intentionally failed to pay Plaintiff, certain wages and overtime pay due.

78.     Plaintiffs, having been illegally deprived overtime pay to which they were legally entitled, herein seeks restitution of such unpaid wages pursuant to the Business and Professions Code §17203.

WHEREFORE ALL PLAINTIFFS PRAY

1.     For compensatory damages per Cal. Labor Code §§ 510. 1194 for unpaid overtime wages in an amount to be determined;

2.     For Liquidated Damages for willful violations of 29 U.S.C. §§ 207, 216(b) under the Fair Labor Standards Act

3.     For restitution of unpaid overtime pay pursuant to California Business and Professions Code §17203 in an amount to be determined at trial;

4.     For equitable and injunctive relief under California Business and Professions Code §17200, et seq. including but not limited to equitable accounting of all Plaintiffs work hours and overtime wages owed.

5.     For waiting time penalty damages of thirty days' wages to Plaintiffs, pursuant to California Labor Code § 203 in an amount to be determined at trial;

6.     Damages and penalties for not providing pay statements pursuant to California Labor Code Section 226 in an amount to be determined at trial;

13

1      7.      For pre-judgment interest of 10% on the unpaid overtime compensation and

2      unpaid salaries pursuant to California Labor Code §1194(a);

3      8.      Plaintiffs asks the court to award reasonable attorney's fees pursuant to

4      California Labor Code §1194(a) and 29 U.S.C. § 216(b);

5      9.      For costs of suit herein; and

6      10.     For such other and further relief as the Court may deem appropriate.

7

8

9      April 5, 2017

10                                     Respectfully submitted,

11

12     By:                             *James Dal Bon*

13                                     JAMES DAL BON

14                                      Attorneys for Plaintiff

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14

1   JAMES DAL BON, Bar No. 157942
    LAW OFFICE OF JAMES DAL BON
2   606 N. 1ST St.
    SAN JOSE, CA 95112
3   (408) 466-5845
4

5   ATTORNEYS FOR PLAINTIFFS
6

7                    UNITED STATES DISTRICT COURT

8                       NORTHERN CALIFORNIA

9                                       | Case No.

10

11  EDUARDO LEMUS                       | CLASS ACTION COMPLAINT

12            Plaintiffs,

13      vs.                             | **DEMAND FOR JURY TRIAL**

14

15

16            Defendants.

17  THANH BBQ & NOODLE, INC.
    INDIVIDUALLY AND DBA COM TAM
18  THANH VIETNAMESE NOODLE HOUSE;
    COM TAM THANH, INC. INDIVIDUALLY
19  AND DBA COM TAM THANH
    VIETNAMESE NOODLE HOUSE, LIEN
20  NGUYEN INDIVIDUALLY AND DBA
    THANH BBQ & NOODLE, INC. AND DBA
21  COM TAM THANH, INC., AND DBA COM
    TAM THANH VIETNAMESE NOODLE
22  HOUSE, THUAN HO INDIVIDUALLY AND
    DBA THANH BBQ & NOODLE, INC. AND
23  DBA COM TAM THANH, INC. AND DBA
    COM TAM THANH VIETNAMESE
24  NOODLE HOUSE, PHUONG DAM
    INDIVIDUALLY AND DBA THANH BBQ &
25  NOODLE, INC. AND DBA COM TAM
    THANH, INC. AND DBA COM TAM
26  THANH VIETNAMESE NOODLE HOUSE
27
28

                                15

Plaintiffs demand a jury trial.

April 5, 2017

Respectfully submitted,

By:                        *James Dal Bon*

JAMES DAL BON

Attorneys for Plaintiff

16