UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| EDUARDO LEMUS, Plaintiff, v. THANH BBQ & NOODLE, INC., et al., Defendants. | Case No. 17-cv-01890-NC<br><br>**ORDER DENYING DEFENDANTS' MOTIONS TO STRIKE, TO DISMISS, AND FOR A MORE DEFINITE STATEMENT; QUASHING SERVICE**<br><br>Re: ECF 59, 60 |
|---|---|

In this unpaid wages lawsuit, the parties quarrel over fictitious business names, service of process, and the ambiguity of a complaint. Defendants Thanh BBQ & Noodle, Inc., Com Tam Thanh, Inc., Lien Nguyen, Thuan Ho, and Phuong Dam move for several forms of relief against plaintiff Eduardo Lemus. First, defendants move to strike portions of the complaint under Rule 12(f), or, alternatively, to dismiss the complaint under Rule 12(b)(4) for insufficient process. ECF 60. Second, defendants move to dismiss the complaint as to defendant Nguyen under Rule 12(b)(5) for insufficient service of process. *Id.* And third, defendants move for a more definite statement under Federal Rule of Civil Procedure 12(e). ECF 59. The Court DENIES all three motions; however, the Court quashes service on defendant Nguyen, and orders proper service by August 9, 2018.

## 1. Defendants' Motion to Strike or Dismiss is Denied Because Fictitious Business Names Are Legally Immaterial.

The Court first considers defendants' motion to strike portions of the complaint

under Federal Rule of Civil Procedure 12(f), or alternatively, to dismiss the complaint under Rules 12(b)(4) or 12(b)(5). ECF 60.

Rule 12(f) provides that a court "may order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter." "(T)he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). However, "[m]otions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Mag Instrument, Inc. v. JS Prod., Inc.*, 595 F. Supp. 2d 1102, 1106 (C.D. Cal. 2008) (quoting *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003)).

And under Rule 12(b)(4), a party may seek dismissal of claims against it for insufficient process. Fed. R. Civ. P. 12(b)(4). The sufficiency of process is governed by Rule 4, which requires, among other things, that a summons "name the court and the parties" and "be directed to the defendant." Fed. R. Civ. P. 4(a)(1)(A), (B). "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984). Thus, "dismissal is generally not justified absent a showing of prejudice." *Id.*

Defendants' motion here is based on their gripe that the complaint and summons include a factually and legally improper fictitious business name.[1] Specifically, the complaint asserts that all five defendants are "doing business under the name Com Tam Thanh BBQ Noodle Restaurant & Smoothies," and sues them in that business capacity. ECF 27 (Am. Compl.) at ¶¶ 2–6. Defendants argue this fictitious business name—"Com

---

[1] Defendants also appear to move to strike defendant Dam from the complaint because "Dam is not an officer of, nor does he/she have any affiliation with Thanh BBQ & Noodle, Inc., or Com Tam Thanh, Inc." ECF 60 at 8. Because this argument merely disputes the complaint's factual allegations, the motion to strike Dam from the complaint on these grounds is DENIED.

Case No. 17-cv-01890-NC        2

Tam Thanh BBQ Noodle Restaurant & Smoothies"—does not exist. They acknowledge that defendant Ho registered the fictitious business name "Com Tam Thanh BBQ & Noodle," and defendant Dam registered the name "Thanh BBQ & Noodles," but argue no other names are registered to any defendants. ECF 60 (Mot. to Strike) at 3–5; ECF 78 (Reply) at 5. This improper naming, defendants allege, confounds allegations in the complaint and destroys the sufficiency of service on defendants. On this basis, defendants move to strike the portions of the complaint and summonses that refer to "Com Tan Thanh BBQ Noodle Restaurant & Smoothies," or alternatively, to dismiss the action outright under Rule 12(b)(4). ECF 60 at 5–7; ECF 78 at 3.

In response, Lemus argues that the various defendants are all doing business together, and based on a Google Maps photo, that business is called Com Tan Thanh BBQ Noodle Restaurant & Smoothies. *See* ECF 77 (Opp'n). Lemus asserts that California Business & Professions Code § 17910 requires all five defendants to register a fictitious business name that matches the Google Maps photo, and that all defendants may be sued under that name. *Id.* at 7–8. Lemus argues their failure to register this fictitious business name, and their registration of other fictitious business names instead, cannot render the complaint and summons deficient "because there is nothing in the California Codes that requires Mr. Lemus to sue the Defendants under fictitious names they fraudulently filed with the County Recorder's office." *Id.* at 8.

The squabble over fictitious business names is a sideshow. A passage from the California Fourth District Court of Appeals is fitting here:

> This case has been propelled by a fundamental failure to comprehend the distinction, or lack thereof, between the legal corporation and its fictitious business name. The plaintiffs have been steadfast in their insistence that they do not want to sue Pinkerton's, Inc., the Delaware corporation. Rather, the[y] want to sue its "DBA" "Pinkerton's, Inc., DBA Pinkerton Security & Investigation Services." But "Pinkerton Security & Investigation Services" is a fiction. It is nothing more than a name that Pinkerton's, Inc., uses. And although a lawsuit could properly be brought against Pinkerton's, Inc., by suing and serving it under its fictitious business name [citation], once Pinkerton's, Inc., appeared and was dismissed, the case was at an end.

Case No. 17-cv-01890-NC      3

> The designation of "DBA" or "doing business as" simply indicates Pinkerton's, Inc., operates under a fictitious business name. [Citation.] Use of a fictitious business name does not create a separate legal entity.

*Pinkerton's, Inc. v. Superior Court*, 49 Cal. App. 4th 1342, 1348 (1996); *see also Kremen v. Cohen*, No. 98-cv-20718 JW, 2000 WL 1811403, *4 (N.D. Cal. Nov. 27, 2000) ("[T]here is no distinction between Kremen and his fictitious business entity."); *B-K Lighting, Inc. v. Vision3 Lighting*, No. 06-cv-2825-MMM-PLAx, 2006 WL 8421831, at *3 (C.D. Cal. Nov. 14, 2006).

In other words, the fictitious business name Lemus lists in his complaint has no legal import, unless he includes it to sue a defendant other than the five that are directly named. So on the one hand, defendants are correct that it is nonsensical to sue the defendants both individually and in their doing-business-as capacities, because the latter is at best legal fiction, and at worst a total fiction. However, Lemus appears to list the fictitious business name merely to signal his understanding that all five defendants did business together, and to clarify that he is suing them in connection with their roles in that business. Even if Lemus intends for the name to signify something more, it does not as a legal matter. And if defendants disagree with the factual allegation that each of them did business as (or as part of) Com Tan Thanh BBQ Noodle Restaurant & Smoothies, they are free to deny it in their answer. But because a fictitious business name is exactly that—a fiction—Lemus is saying nothing by suing defendants "doing business as" the restaurant, even he wants to.

For the same reason, including a fictitious business name (along with a proper name) in the summons does not render process insufficient under the flexible requirements of Rule 12(b)(4). *See Chan v. Society Expeditions*, 39 F.3d 1398, 1404 (9th Cir. 1994) ("Technical defects in a summons do not justify dismissal unless a party is able to demonstrate actual prejudice."). The summonses were directed at the defendants, and actual notice was clearly achieved by virtue of the fact that all defendants have appeared.

At bottom, the parties have fallen neck deep into a quagmire that hardly matters. While defendants are rightly confused at Lemus's insistence on including it, a legally

Case No. 17-cv-01890-NC      4

1   meaningless nickname does not destroy the complaint's or summons's sufficiency and is
2   not grounds for striking or dismissal. The legal hollowness that seems to have motivated
3   defendants' motion is also what defeats it. Defendants' motion to strike under Rule 12(f)
4   or, alternatively, to dismiss under Rule 12(b)(4) is DENIED.

### 2. Lemus Has Not Rebutted Defendants' Evidence that Service on Nguyen Was Insufficient.

Defendants also move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(5) as to defendant Nguyen, claiming she was never properly served. *See* ECF 60 at 7–8. Lemus counters that he served Nguyen by leaving a copy of the complaint and summons with non-party Peter Phan at an address on Panoche Avenue in San Jose. ECF 77 at 10–11.

Rule 12(b)(5) allows a defendant to challenge the sufficiency of the manner of service. When the validity of service is contested, the burden is on the plaintiff to prove that service was valid under Rule 4. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). A signed proof of service constitutes prima facie evidence of valid service that "can be overcome only by strong and convincing evidence." *S.E.C. v. Internet Solutions for Bus. Inc.*, 509 F.3d 1161, 1166 (9th Cir. 2007) (citation omitted). Absent a defect in the proof of service, the defendant must produce "affidavits, discovery materials, or other admissible evidence establishing the lack of proper service. A plaintiff must then produce evidence showing that the service was proper, or creating an issue of fact requiring an evidentiary hearing to resolve." *Kuhn*, 2014 WL 12560870, at *2 (citations and internal quotation marks omitted). "In contrast to motions attacking the form of summons, challenges to the *manner* of service are interpreted *strictly*." *Id.* (emphases in original).

The manner of service relevant here is Federal Rule of Civil Procedure 4(e)(2)(B), which provides: "[u]nless federal law provides otherwise, an individual . . . may be served by . . . leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there."

Lemus's proof of service states that, on March 5, 2018, a server from A-Team

Case No. 17-cv-01890-NC   5

Detectives "left the summons at the individual's residence or usual place of abode with Peter Pha[n], son of Lien Nguyen," at an address on Panoche Avenue in San Jose. ECF 68. Defendants claim that "[t]his proof of service is false," because Peter Phan is not Nguyen's son and does not reside with Nguyen. ECF 60 at 8 (citing ECF 60-2 (Phan Decl.) ¶¶ 3–4). In a declaration submitted with defendants' motion, Phan explains that he is not Nguyen's son and that he resides in San Leandro, not at the Panoche Avenue address. ECF 79 (Phan Decl.) ¶¶ 4–8. Attached to Phan's declaration is a copy of his up-to-date driver's license with a San Leandro address. ECF 79 at 5.

Lemus counters that "Defendants have been dishonest throughout this case," and provides a declaration from process server Ken Edick. ECF 77 at 11. Edick declares that he and his employees determined Nguyen lived at the Panoche Avenue address and began to surveil it. ECF 77-1 at 1. Edick states that his team saw Phan leave the house multiple mornings, though he does not say how many times or provide details about these observations. *Id.* "[T]hrough [their] surveillance and observations," Edick's team "determined" that Phan resided at the Panoche Avenue address with Nguyen. *Id.* at 2. In response to defendants' evidence, Lemus retorts that "Peter Phan probably committed perjury in his Declaration." ECF 77 at 11.

Besides being accusatory and unprofessional, Lemus's argument does not satisfy his burden of providing evidence that service was proper. *See Brockmeyer*, 383 F.3d at 801; *Kuhn*, 2014 WL 12560870, at *2. Defendants provide clear and specific evidence—Phan's own declaration and a copy of his driver's license—that Phan does not reside at the Panoche Avenue address. Lemus's evidence is simply Edick's declaration that his team "determined" Phan lived at the Panoche Avenue address based on their surveillance, without specifics as to how they came to that conclusion. The Court therefore finds that Lemus has not demonstrated service was properly effected on defendant Nguyen.

If a court finds that service was insufficient, it has discretion to either dismiss the action or retain it and quash the service of process. Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action

Case No. 17-cv-01890-NC 6

without prejudice against that defendant or order that service be made within a specified time."); *see Stevens v. Sec. Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976). In the interest of efficient and expeditious justice, the Court takes the latter approach. Defendants' motion to dismiss the complaint as against defendant Nguyen is DENIED; however, service is quashed and Lemus is ordered to properly serve Nguyen within 30 days, by August 9, 2018.

### 3. Defendants' Motion for a More Definite Statement Improperly Seeks Details.

Finally, defendants move under Federal Rule of Civil Procedure 12(e) for a more definite statement, targeting paragraph 10 of the complaint. ECF 59.

Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading . . . [that] is so vague or ambiguous that the party cannot reasonably prepare a response." However, "[a] Rule 12(e) motion for more definite statement is disfavored and is proper only if the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted, meaning the complaint is so vague that the defendant cannot begin to frame a response." *Craigslist, Inc. v. Autoposterpro, Inc.*, No. 08-cv-05069 SBA, 2009 WL 890896, at *4 (N.D. Cal. Mar. 31, 2009). "A motion for a more definite statement is used to attack unintelligibility, not mere lack of detail, and a complaint is sufficient if it is specific enough to apprise the defendant of the substance of the claim asserted against him or her." *San Bernardino Pub. Employees Ass'n v. Stout*, 946 F. Supp. 790, 804 (C.D. Cal. 1996).

Defendants' motion targets paragraph 10 of the amended complaint, which alleges: "Defendants employed the Plaintiffs in the restaurant industry as non-exempt laborers." Defendants claim that this allegation is hopelessly vague because there are many named defendants, and at least two restaurant locations. ECF 59 at 3. These ambiguities are "especially problematic," they claim, because Lemus is a putative class representative. ECF 59 at 3. Furthermore, defendants assert that "the deficiencies of the manner in which the defendants are pled" with respect to fictitious business names "compounds defendants'

Case No. 17-cv-01890-NC 7

inability to respond to paragraph 10 without additional specific allegations." ECF 59 at 3. On these bases, defendants seek an order "requir[ing] Plaintiff to segregate each defendant and identify which of the defendants plaintiff claims employed him, at which location and during which periods of time, performing which specific tasks." ECF 59 at 4.

The Court DENIES defendants' motion for a more definite statement, because it attacks "mere lack of detail," not unintelligibility. *See San Bernardino Pub. Employees*, 946 F. Supp. at 804. As pled, defendants can form a response, even if the response provides more detail than Lemus's generalized allegation on the who, what, where, and when.

### 4. Conclusion

Defendants' motion to strike under Rule 12(f) understandably but needlessly squawks at fictitious nicknames that carry no legal weight, and is therefore DENIED. Their alternative motion to dismiss the complaint under Rule 12(b)(4) is also DENIED.

Defendants' motion regarding the sufficiency of service of process on defendant Nguyen is meritorious, but dismissal is inferior to simply quashing service. Thus, the motion to dismiss under Rule 12(b)(5) is DENIED; but service is quashed and Lemus is ordered to effect proper service on Nguyen by August 9, 2018.

Finally, defendants' motion for a more definite statement seeks further detail rather than combating unintelligibility, so it too is DENIED.

**IT IS SO ORDERED.**

Dated: July 10, 2018

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

Case No. 17-cv-01890-NC 8