United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO LEMUS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THANH BBQ & NOODLE, INC.,<br><br>　　　　Defendants. | Case No. 17-cv-01890 NC<br><br>**ORDER GRANTING MOTION FOR SETTLEMENT APPROVAL AND TERMINATING CASE IN ACCORDANCE WITH SETTLEMENT; DENYING MOTION TO SEAL SETTLEMENT AGREEMENT**<br><br>Re: ECF 97-3, 99, and 103 |

This is a wage and hour case filed against the owners of Thanh BBQ & Noodle, Inc. by Eduardo Lemus, who worked as a busboy at the restaurant from approximately 2009 to August 2016. Presented to the Court is Lemus's unopposed motion for approval of the settlement of his individual claims under the Fair Labor Standards Act (FLSA). ECF 97-3. After a mediated settlement, Lemus has settled and agreed to release all of his claims against defendants. One of his claims is under the FLSA, 29 U.S.C. §§ 207, 216(b), and 55(a), so Court approval is required. When presented with a proposed settlement of FLSA claims, the Court "must determine whether the settlement is a fair and reasonable resolution of a bona fide dispute." *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *Yue Zhou v. Wang's Restaurant*, Case No. 05-cv-0279 PVT, 2007 WL 2298046, at *1 (N.D. Cal. Aug. 8, 2007).

The Court reviewed the settlement terms ($15,000 to Lemus, split between penalties

Case No. 17-cv-01890 NC

1   and interest and unpaid wages). ECF 99.  The Court finds that the settlement is a fair and
2   reasonable resolution of a bona fide dispute.  In particular, the Court finds that the
3   settlement proceeds to plaintiff are appropriate in consideration of the maximum value of
4   his claims, the defenses presented, and the risks, costs, and uncertainty of litigation.  The
5   fees and costs awarded to plaintiff's counsel ($15,000) James Dal Bon are also appropriate
6   in light of his skill and experience and his documented work on the case.

The Court therefore APPROVES the settlement and DISMISSES this case.  The putative class claims are DISMISSED without prejudice.  The Court retains jurisdiction to enforce the settlement agreement and this Order until June 30, 2019.

Finally, defendants' renewed request at ECF 103 to seal the settlement agreement is DENIED.  As explained in the Order at ECF 101, a "compelling reason" is needed here to outweigh the public's interest in access to judicial records.  The private preference for confidentiality does not outweigh the public interest.  Consequently, the Clerk of Court is ordered to UNSEAL the records at ECF 97 and 99.  The Court finds that no party has breached the confidentiality provision of the Settlement Agreement.  The Court ordered the filing of the Agreement and denied the request to seal over the objection of both parties.

The Clerk of Court is instructed to terminate the file.  This case is now closed.

**IT IS SO ORDERED.**

Dated:  February 8, 2019                                  _____
                                                          NATHANAEL M. COUSINS
                                                          United States Magistrate Judge

Case No. 17-cv-01890 NC                 2